

# The Attorney General of Texas

March 21, 1979

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

1824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713-    -0701

106 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

00 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

n Equal Opportunity/
ffirmative Action Employer

Honorable Don Henderson, Chairman
House Transportation Committee
State Capitol
Austin, Texas 78767

Opinion No. MW-7

Re: Registration of machinery used to transport and apply fertilizer.

Dear Representative Henderson:

You have requested our opinion regarding the registration of machinery used to transport and apply fertilizer.

The 65th Legislature enacted two separate statutes dealing with the registration of fertilizer machinery. Article 6675a-2, V.T.C.S., which specifies the requirements for registering motor vehicles, provides that

> owners of ... implements of husbandry operated or moved temporarily upon the highways shall not be required to register such ... implements of husbandry.

Article 6675a-2(b). House Bill 1324, 65th Leg., 1977, ch. 119, at 252, amended the definition of "implements of husbandry" to include.

> self-propelled machinery specifically designed or especially adapted for applying plant food materials or agricultural chemicals and not designed or adapted for the sole purpose of transporting the materials or chemicals, but shall not include any passenger car or truck.

V.T.C.S. art. 6675a-1(r). House Bill 1324 also amended the traffic regulations to provide:

> No person may operate on a public highway at a speed greater than thirty (30) miles per hour any self-propelled machinery specifically designed or especially adapted for applying plant food materials or agricultural chemicals and not designed or adapted

for the sole purpose of transporting the materials or chemicals, unless the machinery is registered under Chapter 88, General Laws, Acts of the 41st Legislature, 2nd Called Session, 1929, as amended (Article 6675a-1, et seq., Vernon's Texas Civil Statutes).

V.T.C.S. art. 6701d, § 169A(e).

The other relevant statute enacted by the 65th Legislature, House Bill 81, Acts, 65th Leg., 1977, ch. 184, at 373, added another provision to the traffic regulations:

Section 1. In this Act, "fertilizer" includes agricultural limestone.
Sec. 2.   The annual license fee for the registration of motor vehicles designed or modified exclusively to transport fertilizer to the field and spread it, and used only for that purpose, is $50.
Sec. 3.   The width requirements in Subsection (a), Section 3, Chapter 42, General Laws, Acts of the 41st Legislature, 2nd Called Session, 1929, as amended (Article 6701d-11, Vernon's Texas Civil Statutes), do not apply to a vehicle registered under Section 2 of this Act which has a width of 136 inches or less at its widest point.

V.T.C.S. art. 6701d-11a.  Thus, there is a category of fertilizer machinery to which both House Bill 1324 and House Bill 81 are applicable:   certain motor vehicles designed or modified both to transport and apply fertilizer.  Since the former statute provides an exemption from registration, and the latter fixes an annual registration fee of $50, it has been contended that the two statutes are in irreconcilable conflict.  In our opinion, they may be harmonized and both given effect.

House Bill 1324, when read together with article 6675a-2(b), exempts from registration certain self-propelled machinery designed or adapted for applying fertilizer. The statute then rescinds the exemption for one class of fertilizer machinery — those operated at speeds of greater than 30 miles per hour.  As to such machinery, registration is still required.

House Bill 81 does not itself require any vehicle to be registered.  Rather, it merely specifies a fee when registration is required.  The fee is imposed upon registered fertilizer machinery which is designed or modified for both transporting and spreading.  Thus, it is applicable to certain kinds of machinery described by House Bill 1324 but not exempt from registration thereunder by virtue of their operation at speeds greater than 30 miles per hour.

In answer to your specific questions, we believe that the passage of House Bills 81 and 1324 has somewhat altered the law set forth in Attorney General Opinion M-1288 (1972), which applied the test of "primary design and use" to a particular vehicle.  We need not determine the extent to which the "primary design and use" test has survived the enactment of the two statutes, however, since we are confident that the vehicle described in Opinion M-1288 retains its exemption from registration, so long as it is not operated at speeds greater than 30 miles per hour.

In Motor Vehicle Information Circular No. 10–77, dated August 26, 1977, the State Department of Highways and Public Transportation interpreted House Bill 1324 to provide an exemption from registration only for those motor vehicles which "have been built from the ground up as machinery for the exclusive purpose of spreading fertilizer." (emphasis in original). In our opinion, such a construction imposes a requirement not present in the statute and is inconsistent therewith. As we have indicated, fertilizer machinery is exempt from registration if it is included within the definition of "implements of husbandry" in article 6675a–1(r) and is not operated at speeds greater than 30 miles per hour.

## SUMMARY

Self-propelled machinery which does not come within the statutory definition of passenger car or truck and which is designed or adapted for applying fertilizer is exempt from registration under article 6675a, et seq., V.T.C.S., so long as such machinery is not operated at speeds greater than 30 miles per hour.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Watson Arnold
David B. Brooks
Rick Gilpin
William G Reid
Lambeth Townsend
Bruce Youngblood